<u>Not for Publication</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BIENVENIDO ANTONIO THOMPSON,<br><br>            *Plaintiff,*<br><br>   v.<br><br>U.S. DEPARTMENT OF TREASURY INTERNAL REVENUE SERVICE, COMERICA BANK<br><br>            *Defendants.* | Civil Action No. 23-03103<br><br><u>**OPINION & ORDER**</u> |

**John Michael Vazquez, U.S.D.J.**

Plaintiff seeks relief from Defendants because he did not receive a $1,200 payment from the COVID-19 stimulus payment program, pursuant to the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act"). D.E. 1. Presently before the Court is *pro se* Plaintiff Bienvenido Antonio Thompson's Complaint. Plaintiff seeks to bring this matter *in forma pauperis* pursuant to 28 U.S.C. § 1915. D.E. 1. For the reasons discussed below, the Court **GRANTS** Plaintiff's application to proceed *in forma pauperis* but **DISMISSES** the matter pursuant to 28 U.S.C. § 1915(e)(2)(B).

Under Section 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Plaintiff sufficiently establishes his inability to pay, and the Court grants his application to proceed *in forma pauperis* without prepayment of fees and costs.

When allowing a plaintiff to proceed *in forma pauperis*, the Court must review the complaint and dismiss the action if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune. 28 U.S.C. § 1915(e)(2)(B). When considering dismissal under Section 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted, the Court must apply the same standard of review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).

To state a claim that survives a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Id.* at 789. In other words, although a plaintiff need not plead detailed factual allegations, "a plaintiff's obligation, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations omitted).

Because Plaintiff is proceeding *pro se*, the Court construes the Complaint liberally and holds it to a less stringent standard than papers filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court, however, need not "credit a *pro se* plaintiff's 'bald assertions' or 'legal

conclusions.'" *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir 1997)).

Plaintiff, a resident of Newark, New Jersey, alleges that he did not receive money from the COVID-19 stimulus payment program. *Id.* He further alleges that the IRS did not investigate the matter "despite the fact that the form 3911 was delivered" and that the investigation "made by the taxpayer [o]ffice [was] not complete." *Id.* Thompson alleges that a video camera captured the incident. *Id.* Plaintiff claims that he suffered from stress because he did not receive the stimulus check and requests that the money be deposited into his account. *Id.* Plaintiff alleges federal court jurisdiction because the United States government is a Defendant. *Id.*

Plaintiff states that he is asserting a claim pursuant to the CARES Act, 15 U.S.C. § 9001, et seq. *Id.* Plaintiff appears to argue that the CARES Act provides individuals with a private right of action to recover for the failure to receive a stimulus check. *Id.* On January 22, 2021, President Biden signed an Executive Order to provide more economic relief in relation to the pandemic and improve the distribution of stimulus checks. Section three subchapter (c) of the order states that it "is not intended to, and does not, create any right or benefit, substantive or procedural, enforceable at law or in equity by any party against the United States, its departments, agencies, or entities, its officers, employees, or agents, or any other person." Exec. Order No. 1400286 86 FR 7230 WL 254552 (2021). Thus, as the order relates to the CARES Act and the distribution of stimulus checks, there is no private right of action.

When there is no explicit private right of action under a federal statute, courts look to see whether an implied private right of action exists. To determine whether there is an implied private right of action under a federal statute, courts apply a two-step inquiry. Courts must look at "(1) whether Congress intended to create a personal right in the plaintiff; and (2) whether Congress

intended to create a personal remedy for that plaintiff." *McGovern v. City of Philadelphia*, 554 F.3d 114, 117 (3d Cir. 2009). An implied private right of action exists if both parts of the inquiry are answered in the affirmative. *Id.*

Courts in this district, as well as the other districts around the country, agree that there is no implied private right of action for individuals under the CARES Act. *See Genesis Lab. Mgmt. LLC v. United Health Grp., Inc.*, No. 21-12057, 2023 WL 2387400, at *4 (D.N.J. Mar. 6, 2023) (dismissing the count alleging a violation of the CARES Act after finding that nothing in the Act's text or structure suggested that "Congress intended to afford a privately enforceable remedy" to the plaintiff nor did an implied private right of action exist); *see also GS Labs, Inc. v. Medina Ins. Co.*, No. 21-2400, 2022 WL 4357542, at *11 (D. Minn. Sept. 20, 2022) (dismissing claim alleging violation of the CARES Act because there was no indication of either explicit or implicit congressional intent to provide a "private right of action or remedy under the CARES Act for diagnostic-testing providers to recover reimbursement for COVID-19 testing."); *Puckett v. U.S. Dept. of Treasury Internal Revenue Serv.*, No. 21-425, 2021 WL 2550995, at *2 (N.D. Ohio June 22, 2021) (dismissing plaintiff's action seeking a stimulus check because the CARES Act "did not establish a private right of action to dispute the IRS's determination of an individual's eligibility for the EIP.").[1]

As a result, Plaintiff does not assert a plausible claim because he cannot point to a private right of action. The Complaint, therefore, is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). When dismissing a case brought by a *pro se* plaintiff, a court must decide whether dismissal will be with prejudice or without prejudice, the latter of which affords a plaintiff with leave to amend.

---

[1] Even if a private cause of action did exist, the Act imposed a deadline of December 31, 2020 for stimulus checks to be made or allowed. As a result, CARES Act funds can no longer be distributed. *Puckett*, 2021 WL 2550995, at *3.

*Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110-11 (3d Cir. 2002). The district court may deny leave to amend only if (a) the moving party's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the non-moving party or (b) the amendment would be futile. *Adams v. Gould, Inc.*, 739 F.2d 858, 864 (3d Cir. 1984). Because Plaintiff is proceeding *pro se* and this is the Court's initial screening, the Court will provide Plaintiff with an opportunity to file an amended complaint. To be clear, however, any attempt to assert a future CARES Act claim will be futile. The Court provides Plaintiff thirty (30) days to file an amended complaint that cures the deficiencies set forth herein. Plaintiff must set forth the basis for his claim. If Plaintiff does not submit an amended complaint curing these deficiencies within thirty (30) days, this matter will be closed.

Accordingly, and for good cause shown,

IT IS on this 25th day of July, 2023,

**ORDERED** that pursuant to 28 U.S.C. § 1915(a), Plaintiff's application to proceed *in forma pauperis* is **GRANTED**; and it is further

**ORDERED** that the Clerk of the Court is directed to file the Complaint without prepayment of the filing fee; and it is further

**ORDERED** that the Plaintiff's Complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B); and it is further

**ORDERED** that Plaintiff is afforded thirty (30) days to file an amended complaint that cures the deficiencies as set forth above. Failure to file an amended complaint within this time will result in the matter being closed; and it is further

      **ORDERED** that the Clerk of the Court shall mail a copy of this Opinion and Order to Plaintiff by regular mail.

_____
John Michael Vazquez, U.S.D.J.